IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LABED AHMED, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 05-cv-1234 |
| | : | (Habeas Corpus) |
| | : | |
| v. | : | |
| | : | ORAL ARGUMENT REQUESTED |
| GEORGE W. BUSH, *et al.*, | : | |
| | : | |
| Respondents. | : | |

PETITIONER'S MOTION FOR FACTUAL RETURNS

Procedural History

Petitioner, who is a prisoner at Guantanamo Bay, sent a *pro se* request for habeas relief to the Court, which was docketed on June 22, 2005. On July 18, 2005, the government filed a *Motion to Stay Proceedings Pending Related Appeals and for Coordination* ("*Stay Motion*"). Undersigned counsel was appointed to represent Petitioner on October 14, 2005, and on November 7, 2005, counsel filed a *Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30 Days' Advance Notice of Any Intended Removal of Petitioner from Guantanamo*. On December 5, 2005, counsel filed an *Amended Petition for a Writ of Habeas Corpus* on behalf of Petitioner. Petitioner hereby requests that the Court order factual returns.

Factual Returns and CSRT

Mr. Ahmed has petitioned this Court for habeas relief. He is held without charges and has alleged that he is not an enemy combatant and that there is no justifiable reason for his detention. He is entitled to be informed of the nature of the government's allegations against him under the Fifth and Sixth Amendments to the

United Sates Constitution.

The government argued that a stay should include any requirement to submit factual returns to the *Petition.* However, the Respondents' contention was based upon the fact that Petitioner was unrepresented at the time. *Stay Motion*, at 5 ("often a full explanation of the reasons justifying the detention of a particular detainee necessarily involves classified or otherwise protected information that . . . may not be shared with the detainee"). Petitioner is now represented. Undersigned counsel have begun the process of seeking security clearances as provided for in the standard protective orders entered in most of these cases and fully intend to abide by their requirements.

Moreover, the government indicated that the typical factual return in these cases "have typically consisted of records of proceedings before the Combat Status Review Tribunal[.]" *Id. at* 4. Thus, the government conceded that it has already organized the facts behind the charges. Indeed, as a result of a successful Associated Press Freedom of Information Act case, the government was required o release a sampling of unclassified CSRT files for about 60 detainees, which can be viewed at http://wid.ap.org/documents/detainees/list.html. (The files typically have name and country redacted.)[1] It makes no sense for the government to produce files, even in redacted form, to the Associated Press for viewing by the entire world and not produce the same file to a petitioner's attorney. Without the ability to review the CSRT file, the undersigned will have great difficulty preparing the case or discussing the facts with

---

[1] A cursory review of any of these files shows that the government already has well organized factual files that it can produce quickly.

their client. The Court should order the government to produce Petitioner's CSRT file to his attorneys subject to all the provisions of the protective orders.

At least nine judges of this bench, including this Court as well as Judges Bates, Friedman, Huvelle, Kessler, Roberts, Urbina, and Walton have ordered the government to make factual returns in Guantanamo cases. In *Al-Anazi v. Bush*, 370 F. Supp. 2d 188 (D.D.C. 2005), Judge Bates considered and rejected the same argument the government poses here. The Court concluded that "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." *Id.* at 200.

In *Battyav v. Bush*, 05-714, docket number 12, page 3, Judge Walton came to the same conclusion, reasoning that the factual returns were necessary for petitioners' counsel to effectively represent them even in an initial meeting. Judge Urbina also rejected the same arguments the government makes here:

> As to the government's concern regarding classified information, the protective orders that counsel anticipates will be entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the return; the court is confident that the government can handle this task.

*Qayed v. Bush,* 05-454, docket number 5, page 2. *See also* Judge Kessler's order in *Al-Adahi v. Bush*, 05-301, docket number 26, page 2; Judge Friedman's order in *Al-Wazan v. Bush*, 05-329, docket number 37, page 1; Judge Huvelle's order in *Kurnaz v. Bush*, 04-1135, docket number 13, page 5; Judge Roberts's order in *El-Banni v. Bush*, 04-1144,

3

docket number 10, page 7; and this Court's order in *Errachidi v. Bush*, 05-640, docket entry of 21 April 2005 (factual returns in response to Order to Show Cause why writ should not issue).

This Court ordered the government to file its factual return within seven days. Judge Roberts ordered the government to file a factual return within 30 days after entry of the protective order. Judges Urbina, Huvelle, Friedman and Kessler allowed for 90 days. Judges Bates and Walton allowed for 120 days. On two occasions when the government was ordered to provide factual returns within seven days, it was able to comply without issue. *See Errachidi v. Bush,* 05-640, docket numbers 15 and 16 (this Court on 21 April 2005 ordered the government to make its return within seven days and the government did so on 26 April 2005); *Abdullah v. Bush*, 05-23, docket numbers 24-26 (Judge Roberts on 8 April 2005 required the government to file factual returns by 14 April 2005 and the government did so on 15 April 2005). Petitioner respectfully requests that this Court require that factual returns be filed within 30 days.[2]

---

[2] Moreover, denying Petitioner's counsel access to factual returns also puts Petitioner in the dark in regard to his arguments against the imposition of the stay. For example, the government submitted that the appeals in the pending cases "will address the core issues" in Petitioner's case. *Stay Motion*, at 1. All of the Petitioners in *Khalid* and most of the Petitioners in *In re Guantanamo* were captured outside Afghanistan. *See Khalid*, at 316 ("petitioners are non-resident aliens captured outside Afghanistan"); *In re Guantanamo*, at 447 ("many of these individuals may never have been close to an actual battlefield . . . ."). That fact was relied upon by each of the district court judges in determining the applicability of the protections of certain constitutional, procedural and international law to the detainees. In this case, it appears that Petitioner was taken into custody in Pakistan. The government's factual returns would either confirm or deny this. The Court would then be in a position to determine whether Petitioner's case is distinguishable from *Khalid* and/or *In re Guantanamo* or if those cases would be more likely to control the outcome of the instant litigation.

## CONCLUSION

For the reasons discussed above, Petitioner respectfully requests that the Court order the government to provide factual returns within thirty days.

                                                 **Respectfully submitted,**

                                                 **/s/Richard J. Coughlin**
                                               **Richard J. Coughlin**
                                               **Federal Public Defender**
                                               **Chester M. Keller**
                                               **First Assistant Federal Public Defender**
                                               **Candace Hom**
                                               **Research and Writing Attorney**
                                               **972 Broad Street, Fourth Floor**
                                               **Newark, New Jersey  07102**
                                               **(973) 645-6347**

**Dated: January 6, 2006**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents.

Mr. Terry Henry
**US DEPARTMENT OF JUSTICE**
20 Massachusetts Avenue, NW
Room 7144
Washington, DC 20529-0001

            /s/Richard J. Coughlin

**Dated:**   **January 6, 2006**