IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LABED AHMED, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 05-cv-1234 |
| | : | (Habeas Corpus) |
| | : | |
| v. | : | |
| | : | **MOTION FOR EXPEDITED** |
| GEORGE W. BUSH, *et al.*, | : | **ENTRY OF PROTECTIVE ORDER** |
| | : | |
| Respondents. | : | |

Petitioner Labed Ahmed, through appointed undersigned counsel, hereby respectfully moves the Court to grant expedited entry of the Amended Protective Order (Ex. A), Protected Information Order (Ex. B), and Supplemental Filing Procedures (Ex. C) (together, the "Protective Order"), which is required for Mr. Ahmed to gain access to undersigned counsel.[1] The Protective Order was previously entered by Judge Joyce Hens Green in <u>Ab-dah v. Bush</u>, 04-CV-1254 (HHK), and other coordinated Guantánamo detainee cases.

Counsel for Respondents have refused to consent to the Court's entry of the Protective Order in this case. (A. Warden E-mail, Ex. D.) Because the Government will not allow privileged communications between counsel and Petitioner, and will not allow counsel to visit Petitioner at the Guantánamo Naval Base until the Protective Order is entered, Petitioner respectfully requests that this motion be granted. Acting on what now appears to have been a mistaken understanding that the Protective Order had already been entered in this case, undersigned counsel proceeded to file the required Memoranda of Understanding and

---

[1] This Motion is made without prejudice to Petitioner's right to challenge or seek modification of any particular terms of the Protective Order in the future.

Acknowledgments on December 1, 2005, in order to go forward with a client visit with Mr. Ahmed. (Ex. E.) The Memoranda of Understanding and Acknowledgments were filed on December 1, 2005, and, although the government received notice of the filing, no assertion regarding their sufficiency was put forward. Undersigned counsel believed that the Court's Order filed on November 2, 2005, in which it referred "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the above-cited cases" to Magistrate Judge Alan Kay pursuant to LcvR 72.2(a), incorporated and applied the Protective Order in this case. (Docket, Ex. F.) This Order referring interpretation of protective orders to Judge Kay was, admittedly, confusing to undersigned counsel as it suggested that a protective order had already been entered.

Undersigned counsel then made arrangements with the Department of Justice to conduct a client visit with Mr. Ahmed at Guantánamo Bay, which is currently scheduled for the week of April 10-14, 2006. But for the Protective Order, undersigned counsel have completed all required court filings needed before meeting with Mr. Ahmed. Only today, March 20, 2006, did the government assert that the previous filing of the Memoranda of Understanding and Acknowledgments was inadequate.

Last Friday, March 17, 2006, this Court granted a similar Motion for Expedited Entry of Protective Order in <u>Razakah, et al., v. Bush, et al.</u>, Civil. No. 05-2379 (EGS). For similar reasons mentioned in Petitioners' initial Motion filed January 12, 2006, and Reply Memorandum filed February 3, 2006, in <u>Razakah</u>, Mr. Ahmed respectfully requests that this motion be granted because it is imperative that he gain access to counsel so that he can meaningfully avail himself of

the jurisdiction extended to this Court by Rasul v. Bush, 542 U.S. 466, 485 (2004).[2] As in

Razakah, the only effect of entering the Protective Order at this time is to facilitate counsel's efficient and timely access to their clients. Mr. Ahmed is raising nothing before the Court regarding any substantive issues affecting the merits of this litigation. Indeed, there is no prejudice that Respondents may suffer as a result of entry of the Protective Order while the substantive issues they have raised are currently pending, nor have they identified any in the significant length of time that has passed in which client access in other cases in which the Protective Order has already been entered continues without interruption. Furthermore, the fact that undersigned counsel have completed all requirements for client access but for the formal entry of the very Protective Order referenced in the November 2, 2005 Order entered by this Court, and have arranged to visit Mr. Ahmed in Guantánamo Bay the week of April 10-14, (and will travel to Guantánamo Bay in any event to meet with another client because the nearly identical set of circumstances, albeit with a June 2005 Order that happens to enter the Protective Order, are regarded by the government as satisfactory in that case) militates in favor of granting this motion.

---

[2] This Court entered a Minute Order on March 17, 2006, staying this case pending the final resolution of Al Odah, Khaled A.F. v. USA, Civil No. 05-5064, stating, notably, that "[t]he removal of this case from the Court's active calendar should not discourage the filing of appropriate pleadings." (Docket, Ex. F.)

3

## **Conclusion**

      Wherefore, for the above-stated reasons, Petitioner respectfully requests that the Court grant the aforementioned requested relief.

Dated:   Newark, New Jersey
           March 20, 2006

                                  Respectfully submitted,

                                  /s/Richard J. Coughlin
                                  Richard J. Coughlin
                                  Federal Public Defender
                                  Chester M. Keller
                                  First Assistant Federal Public Defender
                                  Candace M. Hom
                                  Research & Writing Attorney
                                  Office of the Federal Public Defender
                                        for the District of New Jersey
                                  972 Broad Street, Fourth Floor
                                  Newark, New Jersey 07102
                                  (973) 645-6347
                                  *Counsel for Petitioner*