IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LABED AHMED**, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| *v.* ) | CIVIL NO. 05-1234 (EGS) |
| ) | |
| **GEORGE W. BUSH**, *et al.*, ) | |
| ) | |
| *Respondents.* ) | |

**PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING RESPONDENTS' MOTION TO REVIEW ILLEGALLY SEIZED PAPERS**

In response to Respondents' motion to create a "filter team" to review papers seized from Petitioners in June, Petitioner contends that no further review of their papers may be allowed because the seizure was illegal. Petitioner also objects to Respondents' proposal to create a "filter team" to review the seized documents. (Dkt. No. 15.)

On July 28, 2006, the Court of Appeals issued an order in the Jefferson case that confirms the invalidity of Respondents' "filter team" proposal. In its order, the Court of Appeals rejected a plan, proposed by the government and approved by the District Court, to create a government "filter team" to review potentially privileged documents seized by the government under a search warrant in a criminal investigation of Representative William J. Jefferson. See United States v. Rayburn House Office Bldg., Room No. 2113, Washington, D.C. 20515, No. 06-3105, slip. op. at 1-2 (D.C. Cir. July 28, 2006) (attached as Exhibit A) ("Jefferson Order").

The government's warrant application in Jefferson, approved by the District Court, "set forth a set of 'special search procedures' to be used in an effort to 'minimize the likelihood that

any potentially politically sensitive, non-responsive items' would be disclosed," and to "prevent investigators and members of the Prosecution Team from obtaining documents or files 'that may fall within the purview of the Speech or Debate clause . . . or any other pertinent privilege.'" In re Search of the Rayburn Office Bldg. Room No. 2113, Washington, D.C. 20515, No. 06-0231 M-01, slip op. at 3 (D.D.C. July 10, 2006) (attached as Exhibit B). Such procedures were to include the use of a "Filter Team" to determine "first whether each document was responsive, and second whether it fell within the purview" of any pertinent privilege. Id. Non-responsive documents were to be returned to Representative Jefferson, while potentially privileged documents were to be copied, logged, provided to the Congressman's counsel, and submitted to the District Court for a final determination of privilege. Id. at 3-4. Copies of documents that the Filter Team determined to be responsive and unprivileged were to be provided directly to the Prosecution Team. Id. at 4.

On the Congressman's emergency motion for stay pending appeal, the Court of Appeals rejected these review procedures and remanded the case to the District Court with instructions to exclude the government from the review process altogether. Under the Court's July 28, 2006 order, (1) the District Court is to direct a judicial officer or special master to provide copies of all documents to Representative Jefferson; (2) the Congressman is to submit to the District Court ex parte any claims that specific documents are privileged; (3) the District Court is to review the Congressman's claims of privilege *in camera*; and (4) the government is "enjoined from reviewing any documents or records seized from Congressman Jefferson's office" pending further order of the Court of Appeals. Jefferson Order, slip op. at 1.

The "filter team" proposal advanced by Respondents here is virtually identical to that rejected by the Court of Appeals in Jefferson. See Dkt. No. 15, at 9-12 (July 7, 2006). Under the

Court of Appeals' order, if the Court reaches the issue, Respondents' "filter team" proposal here should likewise be rejected.

Dated:  August 2, 2006
        Newark, New Jersey

                                      Respectfully submitted,

                                      /s/Richard J. Coughlin
                                      Richard J. Coughlin
                                      Federal Public Defender
                                      Chester M. Keller
                                      First Assistant Federal Public Defender
                                      Candace M. Hom
                                      Research & Writing Attorney
                                      Office of the Federal Public Defender
                                            for the District of New Jersey
                                      972 Broad Street, Fourth Floor
                                      Newark, New Jersey  07102
                                      (973) 645-6347
                                      *Counsel for Petitioner*