UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
LABED AHMED                    )
                               )
            Petitioner,        )
                               )
                               )   Civ. No. 05-1234 (EGS)
       v.                      )
                               )
GEORGE W. BUSH, et al.,        )
                               )
            Respondents.       )
_____)
```

**ORDER**

Pending before the Court is petitioner's motion for order requiring respondents to provide counsel for petitioners and the Court with thirty days' advance notice of any intended removal of petitioners from Guantanamo. Upon consideration of the motion, and the response and reply thereto, the petitioners' motion is **GRANTED**.

On March 17, 2006, this Court, *sua sponte*, stayed this case pending the resolution of appeals in *Khaled v. Bush, et al.*, 355 F. Supp. 2d 311 (D.D.C. 2005), *appeals docketed sub nom. Boumediene v. Bush et al.*, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 3, 2005); and *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), *appeals docketed* Nos. 05-5064 *et al.* (D.C. Cir. Mar. 7, 2005). Also on appeal is the relief petitioners seek in the pending motion. *See Kiyemba et al. v. Bush*, No. 05-

1

1509 (RMU), slip op. at 2 (D.D.C. Sept. 13, 2005), *appeal docketed* No. 05-5487 (D.C. Cir. Jan. 5, 2006).

A primary purpose of a stay pending resolution of issue on appeal is to preserve the status quo among the parties. *Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1997). In appropriate situations, a Court may specify protective conditions in order to "avoid placing one party at a severe disadvantage during litigation." *Cooks v. Fowler*, 459 F.2d 1269, 1273 (D.C. Cir. 1970) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); *Hamoud v. Bush et al.*, No. 05-1894, 2006 WL 1876947 at *1 (D.D.C. July 5, 2006) (holding that imposing a condition of thirty days' advance notice of removal of a detainee held at Guantanamo is "neither heavy nor unexpected" and well within the Court's discretion) (quoting *Cooks,* 459 F.2d at *id.*). In this case, it is difficult for the Court to imagine a disadvantage more severe than petitioners' removal, without notice to their counsel, from Guantanamo to a country where they may directly or ultimately face torture or indefinite imprisonment without due process of law.

Accordingly, it is this 17th day of August, 2006,

**ORDERED** petitioners' motion is **GRANTED**. Respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or

implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from Guantanamo unless this Court and counsel of petitioners (if counsel has been appointed or retained) receive thirty days' advance notice of such removal.

    **SO ORDERED.**

**SIGNED:**    **Emmet G. Sullivan**
              **United States District Court**
              **August 17, 2006**