**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LABED AHMED,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>    Respondents. | Case No. 05-1234 (EGS)<br><br>**PETITIONER'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO LIFT STAY AND RENEWED MOTION FOR FACTUAL RETURNS** |

**PETITIONER'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO LIFT STAY AND RENEWED MOTION FOR FACTUAL RETURNS**

Petitioner moves for an order vacating the existing stay. He additionally moves the Court for an order directing the government to file factual returns in this case within thirty days.

**Introduction**

Petitioner's habeas petition was filed on June 22, 2005, and a motion for factual returns was filed January 6, 2006. This case has been stayed since August 17, 2007, pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 533 U.S. __ (June 12, 2008). On June 12, 2008, the Supreme Court struck down section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of jurisdiction over this *habeas corpus* petition. *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.*, slip op. (majority) at 66.

**Procedural History**

Petitioner Labed Ahmed (hereinafter "Petitioner") is a prisoner at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). Petitioner, a citizen of Algeria, is a prisoner at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo") and has been imprisoned there since February 2002. On June 22, 2005, a Petition for Writ of Habeas Corpus was filed in this Court. On July 18, 2005, the government filed a Motion to Stay Proceedings Pending Related Appeals and for Coordination ("Stay Motion"). Counsel for Petitioner were appointed on October 14, 2005. Respondents moved to dismiss the proceeding and Petitioner filed an opposition to the motion to dismiss. On January 6, 2006, Petitioner filed a motion for factual returns. On August 17, 2007, this Court entered a stay pending the Supreme Court's decision in *Boumediene* and denied the motion to dismiss without prejudice. Petitioner has never been charged and has never had a hearing on his claim that he is entitled to release. Petitioner has also been unlawfully designated as enemy combatant. He does not fall within any lawful basis for military detention.

In light of the alarming deterioration in his psychological well-being, and astonishing length of his imprisonment, Petitioner urgently requests that the Court immediately lift the stay and order the government to submit factual returns within thirty days.

**Argument**

**I.    Petitioner is Entitled to a Prompt Hearing On The Merits of His Claims**

Justice necessitates that Petitioner's claims be promptly addressed. The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243;

("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added).  Courts, including the majority in *Boumediene*, see slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases.  *See*, *e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . .  One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

      The need for a prompt hearing is never greater than where a petitioner has been afforded no judicial review.  *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr,* 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir.

1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

Chief Justice Roberts' dissent in *Boumediene* argues that there will be confusion as the underlying rights to be vindicated on *habeas*. This point can be addressed at a status conference, but it is quite incorrect. Petitioner asserts that there is no lawful basis for his imprisonment. The government locates such a basis in the President's Article II powers and in the Congressional Authorization for the Use of Military Force, 115 Stat. 224 (Sept. 18, 2001). At an evidentiary hearing, each petitioner will show that on the evidence in the case, neither source of authority confers power on the President to detain him, and thus that he is entitled to release.

Petitioner has been afforded no judicial review of the merits of his claims or the lawfulness of his detention.[1] After six years of detention, and after the Supreme Court's directive in *Boumediene*, the stay should be lifted in this case.

### A. Petitioner is Entitled to Factual Returns

Mr. Ahmed has petitioned this Court for habeas relief. He is held without charges and has alleged that he is not an enemy combatant and that there is no justifiable reason for his detention. He is entitled to be informed of the nature of the government's allegations against him under the Fifth and Sixth Amendments to the United Sates Constitution.

While the government's initial opposition to Petitioner's Motion for Factual Returns was based on the then-unresolved question of whether habeas jurisdiction was appropriate given the DTA, that issue has been obviated by the Supreme Court's decision in *Boumediene*. Moreover,

---

[1] Petitioner has filed a petition under the Detainee Treatment Act in the United States Court of Appeals for the D.C. Circuit. It has not yet been decided. *Boumediene* makes clear that DTA relief is separate and distinct statutory relief and does not preclude *habeas* relief. At a status conference, counsel will address any issues arising out of parallel proceedings.

the government indicated that the typical factual return in these cases "have typically consisted of records of proceedings before the Combat Status Review Tribunal[.]" *Stay Motion*, at 4. Thus, the government conceded that it has already organized the facts behind the charges.[2] Furthermore, the additional two years since these motions were filed have provided even more time for the government's organization and preparation of the justifications for detaining Petitioner, diminishing even further the government's contention that production of such documents may "burden[] the government's resources." *Opp. to Mot. for Factual Returns*, at 3. Simply put, undersigned counsel must be able to review the government's files in order to prepare the case and to discuss the facts with their client. The Court should order the government to produce factual returns in this case.

## II.    The Need for Relief is Urgent

Petitioner is now entering his seventh year of imprisonment at Guantanamo Bay. The instant case was stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case at last decided, the Court should promptly lift the stay, order the production of factual returns, and allow Petitioner's *habeas corpus* claims to proceed on the merits. A grant of the relief requested by the Motion lies within the sound discretion of the Court.

---

[2] Indeed, in the DTA case, the government has submitted to undersigned counsel the unclassified portions of his CSRT record, as well as audiotapes from his CSRT hearing. However, the government's intention to file amended factual returns in the habeas cases due to its belief that it "is entitled to place before the court the best and most current evidence supporting a petitioner's detention as an enemy combatant," G. Katsas Letter to C.J. Lamberth and J. Hogan, 6/30/08, at 2, indicates that it may have accumulated additional evidence as to the habeas petitioners, bolstering further that Petitioner's renewed motion for factual returns should be granted.

**Conclusion**

For the forgoing reasons, the Motion to Lift Stay should be granted, and Petitioner should be granted such other and further relief as may be just and proper. This Court should also order the government to submit factual returns within thirty days.

Dated: July 1, 2008                                      /s/Richard Coughlin
                                                     Richard Coughlin
                                                     Federal Public Defender
                                                     Chester M. Keller
                                                     First Assistant Federal Public Defender
                                                     Candace Hom
                                                     Assistant Federal Public Defender

                                                     Federal Public Defender's Office
                                                     District of New Jersey
                                                     972 Broad Street, Fourth Floor
                                                     Newark, New Jersey  07102
                                                     Tel: (973) 645-6347
                                                     Fax: (973) 297-4807