IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LABED AHMED, | ) |
|     Petitioner, | ) |
|     v. | ) Civil Action No. 05-1234 (EGS) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) |
|     Respondents. | ) |

### RESPONDENTS' RESPONSE TO COURT'S JULY 24, 2008 ORDER

Pursuant to the Court's July 24, 2008 Order (dkt. No. 51), respondents hereby provide the Court with answers to the questions posed in the Order.

This case is not in a posture for merits resolution at this time for two primary reasons. First, a factual return has not been filed with respect to petitioner in this case. Second, issues related to the legal framework governing the procedures for adjudication of the Guantanamo Bay habeas cases have not been resolved. As explained below, respondents propose a two-prong approach for resolving these issues so this case can proceed to its merits at the earliest practicable date.

With respect to the production of a factual return (*i.e.*, the government's best and most current evidence supporting petitioner's detention as an enemy combatant), respondents propose the Court adopt a rolling production framework consistent with the approach taken by Judge Thomas F. Hogan in his July 11, 2008 Scheduling Order in *In Re Guantanamo Bay Detainee Litigation*, 08-MC-442 (TFH). Specifically, Judge Hogan established a requirement that

respondents produce fifty factual returns each month, beginning on August 29, 2008, in the order of the earliest-filed petitions of petitioners currently detained at Guantanamo Bay. Given the substantial effort that will be required (and are already being expended) of multiple government agencies to prepare factual returns in hundreds of Guantanamo habeas cases, respondents request that this Court include this case within the rolling production framework established by Judge Hogan. Under this framework, because this case was filed on June 22, 2005, respondents anticipate producing petitioner's factual return in the second batch of returns that would be due in late-September.[1]

During the period leading up to production of the factual return, respondents propose that the parties brief certain legal issues that are common to all of the Guantanamo habeas petitions pending before this Court. Briefing and resolution of these issues will be critical to placing this case in a posture for merits resolution because it will provide the parties with appropriate guidance from this Court concerning how merits proceedings will be conducted following production of respondents' factual return. Respondents suggest that the Court issue a briefing schedule addressing the following non-exhaustive list of common questions that would benefit from early decision. *See Boumediene v. Bush*, 128 S.Ct. 2229, 2276 (2008) (questions concerning conduct of merits proceedings "are within the expertise and competence of the District Court to address in the first instance"). Briefing of similar questions before Judge Hogan

---

[1] As recognized by Judge Hogan, "there may be situations in which an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay overall processing." In the event such a circumstance arises with respect to petitioner's return, respondents propose that petitioner's return be excepted from the sequencing described above.

is currently ongoing.

    a)    How are the habeas proceedings to be structured?

    b)    What is the legal authority for detention in these cases?

    c)    What is the burden of proof for establishing that detention is lawful?

    d)    Which party bears the burden at different stages of the proceeding?

    e)    May the parties introduce and rely on hearsay evidence?

    f)    What is the standard for obtaining an evidentiary hearing, if any?

    g)    What role, if any, does the record of Combatant Status Review Tribunal ("CSRT") proceedings play in the habeas proceedings?

    h)    What is the availability of confrontation and compulsion rights, if any?

    i)    Does the Court have jurisdiction to consider collateral claims apart from the core habeas corpus right to seek release, such as challenges to conditions of confinement or transfer?

To facilitate prompt and orderly resolution on these questions, respondents suggest that the Court issue a briefing schedule that will enable the Court to resolve these questions before filing of current factual returns, thereby placing these cases in a posture for timely resolution.

Dated: July 28, 2008                    Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/Edward J. Martin
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY

ANDREW I. WARDEN
PAUL E. AHERN
EDWARD J. MARTIN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C.  20530
Tel:  (202) 305-0449
Fax:  (202) 616-8470

Attorneys for Respondents