IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LABED AHMED, )<br>    Petitioner )<br> )<br>    v. )<br> )<br>GEORGE W. BUSH, )<br>    President of the United States, )<br>    et al., )<br>    Respondents ) | Civil Action No. 05-cv-1234 (EGS) |

PETITIONER'S RESPONSE TO COURT'S JULY 24, 2008 ORDER

In response to the Court's July 24, 2008 inquiry concerning the posture of this case, Petitioner Labed Ahmed respectfully submits the following answers to the four questions posed by the Court.

1. Although there has been no factual return and Petitioner is, therefore, not in a position to know either the scope of the government's allegations or the quality of its proofs, it is nevertheless possible, at one level, to view this case as being "in a posture ready for a merits resolution." That is, even if the allegations and factual extrapolations and conclusions contained the publicly available version of the CSRT are accepted as true, Petitioner cannot be properly classified as an enemy combatant. That is, according to the publicly available information, Petitioner did not travel to Afghanistan to associate with or support the Taliban or al Qeada, and after the commencement of hostilities, he fled Afghanistan at the earliest practical opportunity. Moreover, when he was arrested in Pakistan, he was not armed or engaged in acts hostile to the United States or its allies, but was instead trying to return to Germany. Beyond the confines of that narrowly defined issue, however, this case is not ready for resolution.

2. The impediments to a merits resolution at this time are due primarily to the absence of a factual return and the production of exculpatory information. Aside from the narrow issue identified above, the absence of a factual return makes it impossible to assess the factual and legal basis for the determination that Petitioner is an enemy combatant. Production of exculpatory information is necessary to test the reliability of any adverse determinations by the government. Such information should at a minimum include, (1) corroborating statements from individuals seized with Petitioner in Pakistan; (2) information obtained from other individuals in Pakistan, e.g. the owner of the house where Petitioner was seized, which tends to corroborate Petitioner's account; (3) information provided to the United States by German and Italian authorities which tend to support Petitioner's account; and (4) statements by individuals familiar with Petitioner when he was in Afghanistan which support his description of his conduct there. Complicating the matter somewhat is the fact that among those present in the house where Petitioner was seized was Abu Zubayda, one of the so-called High Value Detainees held in secret CIA prisons for several years. According to the publicly available information, Petitioner was unaware of the identity or significance of Abu Zubayda, had no reason to suspect who he was, and only found himself in his company as the result of the chaos and confusion that prevailed in the region at that time. Any information tending to support this account would be necessary to ascertain the legitimacy of Petitioner's detention.

3. A factual return and production of all exculpatory information reasonably available to the government is necessary to resolve the impediments described in the answer to question 2.

4. In order to resolve the impediments described in Paragraph 2, Petitioner respectfully recommends that the government be ordered to produce a factual return and all exculpatory information by September 15, 2008. Following the production of such information, a status

conference should be scheduled for September 22, 2008 to determine whether Petitioner (a) intends to file a Traverse, due not later than October 6, 2008, to be followed by a merits resolution hearing on October 27, 2008, unless otherwise ordered by the Court, (b) proceed directly to a merits resolution hearing on the record that exists, to include any testimony that might resolve any factual disputes, or (c) whether counsel requires additional time to meet with Petitioner to address issues raised by the government's factual return. Upon counsel's return, a second status conference should be conducted to determine the schedule for further proceedings.

    Respectfully submitted,

    /s/Richard Coughlin
    Federal Public Defender
    /s/Chester Keller
    First Assistant Federal Public Defender
    /s/Candace Hom
    Assistant Federal Public Defender
    972 Broad Street, Fourth Floor
    Newark, New Jersey 07102
    Tel:  973-645-6347
    Fax:  973-645-4807

*Counsel for Petitioner*